IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

___

| | | |
|---|---|---|
| DENISE KIEFER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | <u>Jury Trial Demanded</u> |
| PORTFOLIO RECOVERY | ) | |
| ASSOCIATES, LLC | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT**

## INTRODUCTION

1. This is an action brought by the Plaintiff, Denise Kiefer, for actual and statutory damages, punitive damages, attorney's fee and costs for Defendant's negligent and willful violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq. (hereafter "FDCPA") The Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Tennessee's common laws set forth herein.

## JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. §1692k(d), 15 U.S.C. §1681p and 28 U.S.C. §1331, §1332 and §1367. (federal question jurisdiction).

1

3. Venue is proper in this District because the acts and transactions occurred here, Defendant transacts business here and Plaintiff resides here.

## PARTIES AND PERSONAL JURISDICTION

4. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 3 above as if set forth fully herein.

5. Plaintiff, Denise Kiefer, (hereafter referred to as "Plaintiff") is a resident of this State, District and Division who is authorized by law to bring this action.

6. Defendant, Portfolio Recovery Associates, LLC (hereafter referred to as "Defendant") is a for-profit corporation organized in Virginia, with its principal office located at 120 Corporate Blvd, Norfolk VA 23502 and maintains Corporation Service Company 2908 Poston Ave., Nashville, TN 37203-1312, as its registered agent for service of process.

7. Defendant was in all respects and at all times relevant herein doing business in the state of Tennessee.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) of the FDCPA.

9. Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

10. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 9 above as if set forth fully herein.

11. Upon information and belief, plaintiff incurred a debt with GE Capital Retail Bank by way of an Amazon charge card.

2

12. At some point, Plaintiff quit making regular payments on the charge card and went into default.

13. Upon information and belief, GE Capital Retail Bank sold the outstanding obligation to Defendant on or about August 20, 2013. Defendant then began the process of collecting this debt.

14. Upon information and belief, Defendant filed a lawsuit in Knox County General Sessions Court on January 20, 2015 alleging Plaintiff owed $1,281.19. (see lawsuit attached as Exhibit A)

15. Upon information and belief, Plaintiff signed an Agreed Judgment with Defendant for $1,281.19. Defendant entered that Agreed Judgment with Knox County General Sessions Court on or about April 6th 2015. (See attached Agreed Judgment as Exhibit B)

16. Per the recorded Agreed Judgment, Plaintiff would make an initial payment of $256.23 and then 18 equal monthly payments of $56.94. These payments were automatically debited from Plaintiff's Tennessee State Bank checking account ending in account number 2457.

17. Defendant's bank account above was debited the initial $256.23 payment on or about the 15th of February 2015. All subsequent payments of $56.94 were also debited from Plaintiff's above bank account on or around the 15th of each subsequent month. (See attached the collective bank statements for the relevant period as Exhibit C)

18. Thus, on its February 6th, 2015 collection statement to Plaintiff, Defendant showed a correct balance per the Agreed Judgment of $1,281.19. (See Defendant's attached February 6th 2015 collection letter as Exhibit D)

3

19. Defendant's March 9th, 2015 collection statement showed a correct balance of $1,024.96, reflecting Plaintiff's initial payment of $256.23. (See Defendant's attached March 9th, 2015 collection letter as Exhibit E).

19. Defendant's April 8th, 2015 collection statement showed a correct balance of $968.02, reflecting Plaintiff's required March payment of $56.94. (See Defendant's attached April 8th, 2015 collection letter as Exhibit F).

20. Defendant's May 8th, 2015 collection statement showed a correct balance of $911.08, reflecting Plaintiff's required April payment of $56.94. (See Defendant's attached May 8th, 2015 collection letter as Exhibit G).

21. Defendant's June 8th, 2015 collection statement showed a correct balance of $854.14, reflecting Plaintiff's required May payment of $56.94. (See Defendant's attached June 8th, 2015 collection letter as Exhibit H).

22. However, Defendant's July 6th, 2015 collection statement, for no reason and with no explanation, increased the outstanding balance of Plaintiff's debt back to the original amount of the Agreed Judgment. (See Defendant's attached July 6th, 2015 collection statement as Exhibit I)

23. Defendant's August 6th, 2015 and all subsequent collection statements reflect Plaintiff's account balance as though she had never made any payments on this account. (See Defendant's attached August 6th 2015 and January 5, 2016 collection statements as Exhibit JI)

24. In fact, Plaintiff had paid Defendant $427.05 from February 2015 through June 2015 that Defendant refused to show or acknowledge as payments made by Plaintiff on this account.

4

25. Defendant's most recent collection statement dated January 5, 2016 shows a balance of $939.55. This balance is only giving Plaintiff credit for making six (6) payments of $56.94 and completely ignores and does not in any way address the additional $427.05 that Plaintiff paid Defendant from February 2015 through June 2015.

**CAUSES OF ACTION**

**COUNT ONE: THE FAIR DEBT COLLECTION PRACTICES ACT: FALSE, DECEPTIVE, OR MISLEADING REPRESENTATION**

26. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 25 above as if set forth fully herein.

27. Defendant alleges Plaintiff incurred an obligation to pay money arising out of a transaction in which money, property, insurance or services which are the subject of the transaction are primarily for personal family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

28. Specifically, Plaintiff had a financial obligation to pay GE Capital Retail Bank for a consumer charge card.

29. Plaintiff does not dispute the validity of this debt and voluntarily entered into an Agreed Judgment with Defendant to make good on the debt.

30. On or about July 6th, 2015, Defendant changed the amount that Plaintiff owed, reverting back to the original amount of the Agreed Judgment even though Plaintiff was following the terms of the Agreed Judgment.

31. Up through its most recent collection statement, Defendant continues to misrepresent the amount Plaintiff owes.

5

32. All of the correspondence, specifically Exhibits D-I are collection correspondence from Defendant and were a "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692a(2).

33. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act. Defendant's violations of the FDCPA include, but are not limited to, using false, deceptive or misleading representation in connection with the collection of the debt is a violation of 15 U.S.C. §1692e as Defendant's collection statements are false, deceptive and misleading.

34. Defendant's collection statements from July through January are false, deceptive and misleading as they imply Plaintiff owes more than she actually does.

35. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

**COUNT TWO: THE FAIR DEBT COLLECTION PRACTICES ACT
CHANGING THE CHARACTER, AMOUNT OR LEGAL STAUS OF THE DEBT**

36. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 35 above as if set forth fully herein.

37. The acts of Defendant constitute violations of the FDCPA. Violations by the Defendant of the FDCPA include, but are not limited to, the use of false, deceptive or misleading representations in connection with the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. §1692e(2)(A).

38. Defendant is attempting to collect more money than it is allowed to collect.

6

39. Defendant is in violation of 15 U.S.C. §1692e(2) by sending collection statements misrepresent both the character and amount of Plaintiff's debt.

40. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

### COUNT THREE: THE FAIR DEBT COLLECTION PRACTICES ACT: UNFAIR PRACTICES

41. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 45 above as if set forth fully herein.

42. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act. Defendant's violations of the FDCPA include, but are not limited to, using unfair, unconscionable means to collect its debt in a violation of 15 U.S.C. §1692f.

43. Specifically, Defendant's collection statements from July 2015 through January 2016 are attempting to collect more money from Plaintiff than the Agreed Judgment allows them to collect.

44. The acts of Defendant constitute violation of the FDCPA as the Defendant is attempting to collect from Plaintiff more money than it is legally and contractually allowed to collect in violation of 15 U.S.C. §1692f(1).

45. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

### COUNT FOUR: NEGLIGENT TRAINING AND SUPERVISION

46. The Plaintiff adopts the averments and allegations in paragraphs 1 through 46 hereinbefore as if fully set forth herein.

47. Defendant knew or should have known of its inadequate training and supervision. If Defendant had properly trained and supervised its employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon the Plaintiff would not have occurred.

48. Defendant knew or should have known that the conduct of its employees, agents, and/or assigns was improper.

49. Defendant negligently failed to train and supervise its employees, agents, and/or assigns in order to prevent said improper conduct.

50. As a result of Defendant's negligence, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT FIVE:
## RECKLESS AND WANTON TRAINING AND SUPERVISION

51. The Plaintiff incorporates the allegations set forth in paragraphs 1 through 50 above as if fully set forth herein.

52. Defendant knew or should have known of its inadequate training and supervision. If Defendant had properly trained and supervised its employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon the Plaintiff would not have occurred.

53. Defendant knew or should have known that the conduct of its employees, agents, and/or assigns was improper.

54. Defendant recklessly and wantonly failed to train and supervise its employees, agents, and/or assigns in order to prevent said improper conduct. As a result of the Defendant's

8

recklessness and wantonness, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT SIX:
## BREACH OF CONTRACT

55. The Plaintiff incorporates the allegations set forth in paragraphs 1 through 54 above as if fully set forth herein.

56. Defendant is in breach of the Agreed Judgment (Exhibit B) it filed with the Knox County General Sessions Court. Defendant is seeking collect more than it is entitled to collect per the filed and recorded Agreed Judgment.

57. The failure by Defendant to perform its fiduciary duty to accurately account for all payments made by Plaintiff has resulted in the Defendant breaching its contract with Plaintiff.

58. The Plaintiff has suffered damages as a result of this breach of contract, including actual damages and legal expenses to prosecute this breach of contract.

## TRIAL BY JURY

60. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 59 above as if set forth fully herein.

61. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against Defendant for the following:

  A. Actual and/or statutory damages from Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

  B. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k (a)(2);

  C. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k (a)(3); and

  D. Compensatory damages in the amount of $50,000.00 on Plaintiff's claims for damages due to the Defendant's negligent training and supervision of employees; reckless and wanton training and supervision and breach of contract;

  E. Punitive damages in an amount to be determined by a jury; and

  F. For such other and further relief as the Court may deem just and proper.

Respectfully submitted this __4th__ day of __February__, 2016.

              Denise Kiefer

              BY: /S/ Cynthia T. Lawson____

CYNTHIA T. LAWSON, #018397
Bond, Botes & Lawson, P.C.
Attorney for Plaintiff
6704 Watermour Way
Knoxville, TN 37901
Phone: 86-938-0733
cynthialawson@bbllawgroup.com